18218 Tang vs. MSPB MSPB 18218 Tang vs. MSPB 18218 Tang MSPB 18218 Tang vs. 18121 MSPB 18218 Tang vs. MSPB 18218 Tang vs. MSPB 18121 Tang vs. MSPB 18218 Tang vs. MSPB 18218 MSPB 18218 Tang vs. MSPB 18218 Tang cameras because they don't actually dispute the key facts for the reasonable belief test about that disclosure in terms of who was at fault. Her exact wording in her second jurisdictional submission after she was given a second chance to explain it was, appellant disclosed three instances in which her supervisor, Patricia Hughes, refused to work on appellant's work product, specifically two reviews, let's skip the name of the reviews, thereby causing the two reviews to violate the PDUFA. But then when you look at all the email traffic between them, you see a series of emails from Ms. Hughes between May 29th and June 15th, in which she sent her three separate sets of revisions for that review. And the petitioner never disputes that Ms. Hughes did send her three separate sets of revisions in that time. So that part is never disputed between the two parties. And so based on that, the judge determined the petitioner simply could not reasonably believe, nor could an objective person in the same scenario reasonably believe that the petitioner, or that Ms. Hughes refused to work on her work product in that time period, and thereby caused violations of the PDUFA. And moving on to the other, my friend just pointed out before that he cited the statutes in his jurisdictional submission. The statute he cited for disclosure three about the violation of the PDUFA, as I pointed out in our brief, doesn't actually seem to contain the requirement he claims it does. It's nowhere in there as far as I can tell, and he provided no explanation as to why this was an actual requirement. Which is particularly striking when his supervisor, or her supervisors, in the emails also told her, this is not a requirement, we don't need to do this. And so without further explanation about that statute, it's nothing more than a conclusory allegation, and it certainly does not establish that an objective person would reasonably believe that she disclosed a violation of law when she said she disclosed that Mr. Q, I believe it's pronounced, and Ms. Hughes needed to sign these reviews. Just going back to what my friend said about this being a merits determination, again, I just read. But let me ask you another question. So there were multiple instances disclosed. You addressed one of them saying that there were three rounds of revisions, so it's not true. You think the judge can conclude it's not true, it's just not true what Dr. Tang said about non-responsiveness, and that that's what caused it to be late. There's a second one where the allegation is that the supervisor was late, and on this one, she submitted her review at four o'clock on June 12th for a June 16th deadline. June 12th happened to be a Friday. And the government's response, which the administrative judge accepted was, well, her supervisor didn't get it till after four o'clock on June 12th, which means she really didn't get it till Monday morning. First off, who leaves before four o'clock on a Friday? I mean, I don't know about that. And then doesn't check their email the weekend. Okay, maybe not. But still, she got it Monday morning. There's no evidence in this record that it was impossible for the supervisor to turn it around in 24 hours. But that feels to me like the kind of fact question for which further development would help. How do we know that receiving it on Monday morning didn't give the supervisor enough time to issue it on Tuesday? The allegation is, my supervisor caused it to be late. What we don't have is anything that explains what needed to occur and why getting it at four o'clock on a Friday would prevent the supervisor from having it done in a timely fashion by Tuesday, close of business on Tuesday. So why isn't that the kind of allegation? It doesn't seem, that one doesn't seem as clear to me as the earlier one where she said, I gave it to her and my supervisor did nothing when in fact there were three back and forths disclosed in the actual emails she presented. So that one maybe I feel more comfortable with, but what about the second one? In the second one, her response to her supervisors when they accused her of that was actually, no matter when I submitted it to her, she won't get it on time. She never disputes, again, that it was not in a timely fashion. And submitting something such as a... What are you talking about? She said this submission by her supervisor was untimely. Her supervisor didn't review this and have it in issuance form and the deadline was close of business June 16th. And she says, I gave it to her June 12th. Yes, and... And the only response I saw by the government was, well, there was a weekend in between, which baffled me, but okay. Yes, ignoring all aspects of the Anti-Deficiency Act and whether somebody can work on the weekend because of a petitioner did not allege that. Her only response when she was accused of submitting it late was that it doesn't matter when I submit it. It'll be late regardless. So she doesn't dispute that she submitted it late and she wants to make a non-frivolous allegation that that was sufficient time. That's on the petitioner. That's not a fact that the judge is going to assume that she can do it within one day. If the petitioner wants to... Wait, but you want the judge to assume because she, the employee, submitted it late, therefore her boss didn't commit a violation when the boss issued it late. That's a fact. That's how late, right? What if, look, sometimes I give my law clerks false deadlines, right? They gotta get me their bench memos two weeks in advance of court. Well, if they get it to me 13 days in advance of court, I'm probably not gonna sit here and tell you I'm unprepared because my law clerks only gave it to me 13 days in advance instead of 14 days in advance. Because when she's making a non-frivolous allegation that her boss caused this review to be late, she has to explain why when her boss tells her, when her second-level supervisor tells her this was late and you didn't give your supervisor enough time. That's a fact question. Why does she have to explain it? She says, my supervisor was late. Government's response is not the supervisor wasn't late. Government's response is, well, that's because you were late in submitting it. I don't see how that's not a fact question. I don't see how that falls on the line of non-frivolous allegation. Because she has to disclose. Maybe she was complicit in the lateness, but doesn't that something somebody's gotta figure out? Well, she has to explain enough such that there is something to figure out. The judge isn't going to assume that was on time. But why? Wait, why? Why isn't the judge going to assume? All the judges have to say, was this late or not? Yes, it was late. She may or may not have been the reason it was late. But we don't know. Well, I think what the judge. There's no clearly on there facts at this stage in the proceeding. What the judge has to determine here is whether she reasonably believed in the truth of her disclosure, which is that Ms. Hughes caused the review to be late. And in order for her to establish that an objective person would reasonably believe Ms. Did the, was the supervisor, is there any evidence the supervisor didn't approve this such that the whole thing happened by the deadline? The only indication in the record, oh, yes, I don't believe this one was approved by the deadline. I think that's in the record. So she has made an allegation that this did not issue by the deadline. She has made an allegation that my supervisor is responsible for that. The government's response at the pleading stage is well, you were responsible for it because you gave it to your supervisor beyond her deadline to you late. But I mean, do you not see how my example demonstrates that I mean, maybe this, maybe all the supervisors should do on these things is sign and then issue. I mean, there's lots of things I get, I just have to sign. I mean, not necessarily in this job, actually, but in other parts of my life. Just sign it, send it in. I mean, maybe the supervisor didn't have a significant substantive role to play on this. We don't know because we're at the allegations stage. So we have no idea based on just the allegations that have been lodged, whether or not this was enough time for the supervisor or not. But part of the allegation is the document she submitted in support of this disclosure and what that document states is her supervisor, second level, Ms. Ensor, tells her, this was late because you submitted it based on the last day or the Friday before. And then her response is not, no, it's not, it's Ms. Hughes' fault. Her response is, no matter when I submitted to Ms. Hughes, it's going to be late, so it doesn't matter. So your view is that we're not just looking at whether it was late or not. Because the disclosure is the supervisor caused it to be late. And as we look at the record, which we're entitled to do, there's no genuine issue that it wasn't her supervisor's fault. Yes, and that's reflected. I mean, it does seem, this one seems really close. Yes, but when you have to. But you do have an email you keep quoting from Dr. Tang that says, I don't really care whether it was going to be late or not, because, or whether I made the deadline because it's going to be late no matter what. Yes, and so she never disputes Ms. Ensor's accusation, saying this was late because you submitted it really late, close to the deadline. She only responds, I don't care when I submitted it. The thing we're supposed to accept at the pleading stage is all of the allegations made by the pleader. We're not supposed to accept as true the government's responses. Yes, but. So you want me to accept as true the supervisor's statement that you're the reason it's late, not me, in order to then say this is frivolous. I believe this actually gets back to your original hypothetical. Admittedly, a much easier question. When she submits documentation contradicting her own allegation, the board's going to accept that true, too, even if it contradicts her alleged disclosure.  or submits an email in support of her disclosure, saying, in response, it doesn't matter when I submit this. The board's going to accept that to be true, even if it harms her allegation. We're going to basically adjudicate, assuming everything she submits is true, whether or not it harms her alleged disclosure. And that email undermined her own claim that Ms. Hughes caused the missed deadline for Review 5358. If this court has no further questions, ask that you refer to the decision of the board. Thank you. I'll just add briefly, Your Honor. The government's argument that Ms. Tang was arguing that because the June 15th or June 16th PDUFA dates were late, that that was the violation. We cited the judge to the July 29th, 2015, email from Dr. Tang to her supervisor. And that's in the appendix at page 121. And in there, it's July 29th, and Dr. Tang specifically says, this is paragraph three, additionally, to date, you have not yet responded to the revised memo that was sent to you on June 16th, 2015. In paragraph four, she says, you should also be responsible for 538, because you used inconsistent standards. And to date, you have not responded to the IR draft that I sent to you on June 15th. This is July 29th that we're talking about. The government has no explanation for that. And this is one of the disclosures. And I- Wait, is that the one that she sent on Friday at 4 o'clock, June 12th? You said the one she sent on June 15th or June 16th. I just want to make sure that we're talking about the same disclosure. I don't know. There were two disclosures. One was number 202. The other was number 5358. But you're talking about the first one now. I'm talking about both in her July 29th email to her supervisor. She raises the fact that even six weeks after she submitted whatever the government says was late from her, the government had still not acted upon those applications. And Dr. Tang is reasonably arguing that those were the violations. She's not arguing one day. She's arguing six weeks. And that's page 121, paragraphs 3 and 4. And that's why I believe the judge could not simply accept the superiors' arguments and find that the board lacked jurisdiction. Thank you. Thank you. We'll go both sides in the cases submitted. Ms. McQueen is our proceeding for this morning. All rise. The honorable court is adjourned from day to day.